BRIAN K. TERRY, ESQ.
Nevada Bar No. 3171
THORNDAL ARMSTRONG, PC
1100 East Bridger Avenue
Las Vegas, NV 89101-5315
Tel.: (702) 366-0622
Fax: (702) 366-0327
E-Mail: bkt@thorndal.com
*Attorneys for Defendants ERC Specialists,*
*The Law Office of Rocky Crofts and Rocky D. Crofts*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| YAYAS KITCHEN, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ERC SPECIALISTS, LLC., a Utah limited liability company; THE LAW OFFICE OF ROCKY D CROFTS, LLC; ROCKY D. CROFTS, an individual; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.  2:23-cv-01558-GMN-VCF<br><br><br>**ANSWER AND COUNTERCLAIM** |

Defendants ERC Specialists, LLC (herein referred to as "ERC Specialists"), The Law Office of Rocky D. Crofts, LLC (herein referred to as "The Law Office"), and Rocky D. Crofts (herein referred to as "Crofts") (collectively referred to as "Defendants"), by and through counsel, hereby responds to Plaintiff Yayas Kitchen, LLC ("Yayas"), Complaint and Jury Demand as follows:

### PARTIES

1.      Denies for lack of sufficient information and belief.

2.      Admits that ERC Specialists is a Utah limited liability company. Denies the remaining allegations of this paragraph.

-1-

1
2

    3.      Admits.

    4.      Admits.

3
4
5

    5.      This paragraph is directed to defendants not under ERC Specialists', The Law Office's, or Mr. Crofts' control therefore no response is required. To the extent a response is required, denies.

6

**JURISDICTION AND VENUE**

7

    6.      Admits.

8

    7.      Admits.

9
10

    8.      Admits to the extent that the Nevada District Court has personal jurisdiction over the Utah Defendants. Denies the remaining allegations of this paragraph.

11
12

    9.      This paragraph states a legal conclusion, and no response is required. To the extent a response is required, denies.

13

**GENERAL ALLEGATIONS**

14

    10.     Denies for lack of sufficient information and belief.

15

    11.     Denies for lack of sufficient information and belief.

16
17
18

    12.     Admits that ERC Specialists holds itself out as a specialist in assisting businesses in submitting amended tax returns for the Employee Retention Tax Credit ("The Credit"). Denies the remaining allegations of this paragraph.

19
20
21

    13.     Admits to the extent that ERC Specialists held itself out as a specialist in assisting businesses in submitting amended tax returns for the purpose of obtaining The Credit. Denies the remaining allegations of this paragraph.

22

    14.     Denies.

23
24

    15.     This paragraph contains no allegation to which a response is required. To the extent that a response is required, denies.

25
26

    16.     Admits to the extent that The Credit is available to eligible employers. Denies the remaining allegations of this paragraph.

27
28

    17.     Admits to the extent that an eligible business needs to file an amended tax return using the appropriate IRS forms. Denies the remaining allegations of this paragraph.

18.     Admits to the extent that there is a Client Agreement ("Contract") between the parties. Denies the remaining allegations of this paragraph.

19.     Admits to the extent the Contract required a 15% contingency fee of the credit issued to Plaintiff by the IRS.

20.     Defendants affirmatively allege that the Contract speaks for itself. Denies the allegation that the Contract was for legal services.

21.     Defendants affirmatively allege that the Contract speaks for itself. Denies the allegation that ERC Specialists engaged in the practice of tax law.

22.     Admits that Plaintiff authorized ERC Specialists under a power of attorney to act as an Unenrolled Return Preparer. Denies that the IRS Form 2848 created a lawyer/client relationship between Plaintiff and Defendants.

23.     Denies.

24.     Admits to the extent that Crofts signed the IRS Form 2848 for the purpose of submitting an amended tax return on Plaintiff's behalf as an Unenrolled Return Preparer. Denies the remaining allegations of this paragraph.

25.     Admits to the extent that Crofts signed the IRS Form 2848 for the purpose of submitting an amended tax return on Plaintiff's behalf as an Unenrolled Return Preparer. Denies the remaining allegations of this paragraph.

26.     Denies.

27.     Admits that Crofts is General Counsel for ERC Specialists. Denies the remining allegations of this paragraph.

28.     Admits that Crofts is General Counsel for ERC Specialists and is compensated for his work for ERC Specialists. Denies the remaining allegations of this paragraph.

29.     Denies.

30.     Denies.

31.     Denies. Defendants affirmatively allege that Plaintiff has failed to pay any portion of the contingency fee owed to ERC Specialists under the Contract.

32.     Denies.

-3-

1    33.    Denies.

2    34.    Admits that no conflict waiver was provided to Plaintiff. Defendants affirmatively

3  allege that no conflict waiver was necessary because no lawyer/client relationship was created

4  between Plaintiff and Defendants.

5    35.    Denies.

6    36.    Denies.

7    37.    Denies. The Law Office and Crofts did not create a lawyer/client relationship with

8  Plaintiff and did not violate IRS regulations by charging a contingency fee.

9    38.    Denies that Defendants represented Plaintiff and that any law license was

10  necessary to prepare an amended return for Plaintiff. Defendants acted as an Unenrolled Return

11  Preparer for the purpose of filing an amended return on behalf of Plaintiff under the Contract and

12  did not violate any IRS regulations by charging a contingency fee.

13    39.    Admits that Form 2848 authorized Defendants to file an amended tax return for

14  Plaintiff. Denies the remaining allegations of this paragraph.

15    40.    Admits that IRS Form 2848 authorized Defendants to file an amended tax return

16  for Plaintiff. Denies the remaining allegations of this paragraph.

17    41.    Denies. Defendants affirmatively allege that no attorney/client relationship was

18  created.

19    42.    Denies.

20    43.    Denies.

21    44.    Denies. Defendants did not violate IRS regulations by charging a contingency fee

22  nor were Defendants offering legal advice to Plaintiff.

23    45.    Denies.

24    46.    Denies.

25    47.    Denies.

26    48.    Denies.

27    49.    Denies. Defendants affirmatively allege that no lawyer/client relationship was

28  created under the IRS Form 2848 signed by the Parties.

-4-

50.     Denies to the extent that Plaintiff credit was delayed. Admits that Defendants have a contractual right to the contingency fee which Plaintiff has failed to pay. Denies the remaining allegations of this paragraph.

51.     Denies for lack of sufficient information and belief.

52.     Admit that Plaintiff has refused to pay the contingency fee as required by the Contract.

53.     Denies.

54.     Denies.

## FIRST CLAIM FOR RELIEF

### (Legal Malpractice/Professional Negligence – All Defendants)

55.     Defendants incorporate paragraphs 1 – 54 as if fully stated herein.

56.     Denies.

57.     Denies.

58.     Admits that the Contract charged a 15% contingency fee. Denies the remaining allegations of this paragraph.

59.     Denies.

60.     Denies.

61.     Denies to the extent that ERC Specialists provided legal and tax advice. Defendants affirmatively allege that the Contract speaks for itself.

62.     Denies that ERC Specialists represented that it engaged in tax law. Defendants affirmatively allege that the Contract speaks for itself.

63.     Admits that IRS Form 2848 allowed ERC Specialists to act under a power of attorney as an Unenrolled Return Preparer to file an amended tax return for Plaintiff. Denies the remaining allegations of this paragraph.

64.     Denies.

65.     Admits.

///

66.     Denies. IRS Form 2848 was provided to Plaintiff to allow ERC Specialists to act as an Unenrolled Return Preparer to file an amended return for Plaintiff. No attorney/client relationship was formed under the Parties' IRS Form 2848.

67.     Denies.

68.     Admits that Crofts is General Counsel for ERC Specialists. Denies the remaining allegations of this paragraph.

69.     Admits that Crofts is General Counsel for ERC Specialists and is compensated for his work. Denies the remaining allegations of this paragraph.

70.     Denies.

71.     Admits that no conflict waiver was provided because no lawyer/client relationship was formed under the Parties' IRS Form 2848.

72.     Denies.

73.     Denies.

74.     Denies. Defendants did not violate any IRS regulation by charging a contingency fee.

75.     Denies.

76.     Admits that the IRS Form 2848 authorized ERC Specialists to file an amended tax return for Plaintiff under the terms of the Contract. Denies the remaining allegations of this paragraph.

77.     Denies. IRS Form 2848 allowed ERC Specialist as an Unenrolled Return Preparer to file an amended return for Plaintiff under the terms of the Contract.

78.     Denies.

79.     Denies.

80.     Denies. Defendants were not engaged in a lawyer/client relationship with Plaintiff.

81.     Denies. Defendants were not engaged in a lawyer/client relationship with Plaintiff nor were Defendants practicing in front of the IRS when they prepared an amended tax return for Plaintiff under the terms of the Contract.

1        82.     Denies.

2        83.     Denies.

3        84.     Denies.

4        85.     Denies.

5        **SECOND CLAIM FOR RELIEF**

6    **(Violation of Nevada Deceptive Trade Practices – NRS 598 et seq.)**

7        86.     Defendants incorporate paragraphs 1 – 85 as if fully stated herein.

8        87.     Denies.

9        88.     Denies. Defendants were not engaged in any practice before the IRS.

10       89.     Denies.

11       90.     Denies.

12       91.     Denies.

13       92.     Denies.

14       93.     Denies.

15       94.     Denies.

16       95.     Denies.

17       96.     Denies.

18       97.     Denies. Plaintiff suffered no detrimental financial effect, and in fact received a

19  financial benefit of $1,354,495.72 from The Credits it received under the Contract under which

20  Defendants fully performed.

21       98.     Denies.

22       99.     Denies.

23      100.    Denies.

24  ///

25

26  ///

27

28  ///

**THIRD CLAIM FOR RELIEF**

**(Breach of Fiduciary Duty – All Defendants)**

101.    Defendants incorporate paragraphs 1 – 100 as if fully stated herein.

102.    Denies to the extent that Defendants were engaged in the practice of law. Admits that Defendants acted as Unenrolled Return Preparers to assist Plaintiff in filing an amended tax return so it could receive The Credit.

103.    Denies.

104.    Denies.

105.    Denies. The IRS Form 2848 executed by the Parties did not create a lawyer/client relationship.

106.    Denies.

107.    Denies. Plaintiff has not paid the contingency fee as required under the Contract.

108.    Denies.

109.    Denies.

**RESPONSE TO PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief and asks the Court to deny Plaintiff's request for relief and dismiss their Complaint.

**DEMAND FOR JURY TRIAL**

Defendants rely on Plaintiff's demand for jury trial.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim for which relief can be granted and its Complaint should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Defendants were acting as an Unenrolled Return Preparer for Plaintiff under the Contract by which Plaintiff received $1,354,495.72. Defendants were not engaged in the practice of law nor was any attorney/client relationship formed between the Parties.

//

//

-8-

### THIRD AFFIRMATIVE DEFENSE

Defendants did not violate IRS regulations by charging a contingency fee because they were not practicing in front of the IRS. *See Ridgely v. Lew*, 55 F.Supp.3d 89 (D.D.C. 2014); *Loving v. Internal Revenue Serv.*, 917 F.Supp.2d 67 (D.D.C. 2014).

### FOURTH AFFIRMATIVE DEFENSE

The IRS Form 2848 signed by the Parties did not create an attorney/client relationship because its sole purpose was to give Defendants authority to act as an Unenrolled Return Preparer to allow Defendants to file an amended tax return on behalf of Plaintiff as required by the Contract.

### FIFTH AFFIRMATIVE DEFENSE

No conflict of interest arose as a result of Plaintiff and Defendants Contract because the Contract simply allowed Defendants to prepare an amended tax return for Plaintiff so it could receive the Credit. No attorney/client relationship was formed by the Contract nor the IRS Form 2848, thus no conflict of interest could exist.

### SIXTH AFFIRMATIVE DEFENSE

Defendants did not owe Plaintiff any fiduciary duties because there was no special relationship giving rise to such duties.

### SEVENTH AFFIRMATIVE DEFENSE

The actions which Plaintiff complains may have been caused or contributed to by the actions of third parties over whom Defendants exercised no control or right of control, and therefore, Defendants are only liable, if at all, for only that percentage or portion of the fault or negligence attributable to it.

### EIGHTH AFFIRMATIVE DEFENSE

As of this date, Defendants are still conducting discovery, the ultimate result of which may disclose the existence of further additional defenses. Defendants therefore raise every affirmative defense which would be justified by future discovery.

/ / /

/ / /

## COUNTERCLAIM

Defendants/Counterclaim Plaintiffs ERC Specialists, LLC ("ERC Specialists"), The Law Office of Rocky Crofts ("The Law Office"), and Rocky Crofts (collectively "Counterclaim Plaintiffs"), under Rule 13 of the Federal Rules of Civil Procedure, by and through counsel, hereby submit this Counterclaim against Plaintiff/Counterclaim Defendant Yayas Kitchen, LLC ("Yayas Kitchen"). Counterclaim Plaintiffs allege and complain as follows:

## PARTIES

1.      Yayas Kitchen is a domestic limited liability company of Nevada.

2.      ERC Specialists is a Utah limited liability company.

3.      The Law Office of Rocky Crofts, LLC is a Utah limited liability company.

4.      Rocky Crofts is a Utah resident.

## JURISDICTION AND VENUE

5.      Subject matter jurisdiction exists in this case pursuant to 28 U.S.C § 1332 because the amount in controversy exceeds $75,000.00 and the parties are of different states.

6.      Venue is proper in the United States District Court of Nevada pursuant to U.S.C. § 1391(b)(1) because Yayas is a resident of Clark County, Nevada.

7.      The Court has personal jurisdiction over Yayas because Yayas is a resident of Nevada.

## GENERAL ALLEGATIONS

8.      Upon information and belief, Yayas is in the business of manufacturing wholesale food products for food retailers through a single USDA production facility located in Henderson, Nevada.

9.      ERC Specialists is in the business of preparing amended tax returns to assist businesses who believe they qualify for the Employee Retention Tax Credit ("The Credit").

10.     As part of ERC Specialists' intake process, it requires each potential customer to fill out a questionnaire and provide payroll documentation to determine whether or not that potential customer would be eligible for The Credit.

-10-

11. ERC Specialists relies on its customers to provide it with accurate data.

12. Yayas filled out ERC Specialists intake questionnaire through ERC Specialists' website related to its desire to have ERC Specialists provide services related to the Credit. A true and correct copy of the aforementioned questionnaire is attached hereto as Exhibit A.

13. In order to file an amended tax return for Yayas, ERC Specialists required significant documentation and cooperation from Yayas.

14. On November 25, 2021, Counterclaim Plaintiffs and Yayas entered into a Client Agreement ("The Contract"). A true and correct copy of the aforementioned Contract is attached hereto as Exhibit B.

15. The Contract provided that ERC Specialists would file an amended tax return on Yayas behalf so that Yayas could obtain the Credit.

16. The Contract required Yayas to provide ERC Specialists with significant payroll data to show it qualified for The Credit.

17. Under The Contract, ERC Specialists would use its proprietary system to prepare an amended tax return for Yayas so that Yayas could file for and obtain The Credit.

18. The Contract provided that, as consideration for its services, ERC Specialists would charge a fee equal to 15% of The Credit received by Yayas.

19. The Contract was signed by Michael Oghigian, who listed himself as President of Yayas.

20. Upon information and belief, Michael Oghigian was authorized to accept The Contract on Yayas behalf.

21. As part of the Contract, ERC Specialists, through its General Counsel, provided Yayas with a signed IRS Form 2848.

22. The IRS Form 2848 would allow ERC Specialists to file an amended tax return on Yayas behalf so that Yayas could obtain The Credit.

23. The IRS Form 2848 indicates that ERC Specialists would be acting as an Unenrolled Return Preparer for Yayas.

-11-

24.     Upon information and belief, Yayas received a credit from the IRS in the amount of $347,611.03 with respect to the first quarter of 2021 payroll taxes.

25.     Upon information and belief, Yayas received a credit from the IRS in the amount of $419,645.95 with respect to the second quarter of 2021 payroll taxes.

26.     Upon information and belief, Yayas received a credit from the IRS in the amount of $587,238.74 with respect to the third quarter of 2021 payroll taxes.

27.     The Contract specifies that ERC Specialists would receive a 15% fee from Yayas for the processing of these credits and the total of that fee is $203,174.36.

28.     ERC Specialists has invoiced Yayas for this fee, but it has not been paid to date.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

29.     ERC Specialists hereby incorporates by reference all proceeding paragraphs.

30.     ERC Specialists and Yayas had an agreement for ERC Specialists to process Yayas' ERC Tax Credits.

31.     ERC Specialists has fully performed under the parties' agreement.

32.     Under the parties' agreement, Yayas agreed to pay ERC Specialists a fee of 15% of the tax credits received per its fee and that amount totals $203,174.36.

33.     Despite invoicing Yayas for the full fee amount of $203,174.36, Yayas has failed to pay ERC Specialists the amount owed, in whole or in part.

34.     Because of this, Yayas has breached its contract with ERC Specialists, including the implied covenant of good faith and fair dealing, and ERC Specialists is entitled to judgment against Yayas for compensatory damages in an amount to be determined at trial, but not less than $203,174.36, together with accrued interest, and attorney fees and costs as provided in the parties' agreement.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

35.     ERC Specialists hereby incorporates by reference all proceeding paragraphs.

-12-

36.     The covenant of good faith and fair dealing is inherent in the contractual relationship between ERC Specialists and Yayas.

37.     The covenant requires the parties to perform contractual obligations and exercise contractual rights in good faith. This good faith requirement prohibits the parties from intentionally injuring the other side's right to receive the benefits under the contract.

38.     Yayas breached that covenant of good faith and fair dealing when it failed to pay ERC Specialists for services rendered and instead initiated the subject lawsuit seeking to void the Contract and retain the benefits of ERC Specialists performance thereunder after ERC Specialists performed.

39.     Yayas breached that covenant of good faith and fair dealing when it failed to pay ERC Specialists for services rendered and instead initiated the subject lawsuit seeking to void the Contract even though Yayas has not yet incurred the harm alleged in its complaint.

40.     As a direct and proximate result of Yayas' breaches of the implied covenant of good faith and fair dealing, ERC Specialists is entitled to damages in an amount to be proven at trial, but not less than $203,174.36.

### THIRD CAUSE OF ACTION

### (Unjust Enrichment)

41.     ERC Specialists hereby incorporates by reference all proceeding paragraphs.

42.     ERC Specialists conferred a benefit upon Yayas by processing the Credits that Yayas received and has retained.

43.     Yayas has knowingly received and retained the benefit of the Credits without adequately compensating ERC Specialists.

44.     Under the circumstances, it would be inequitable for Yayas to be enriched by receiving and retaining the Credits processed by ERC Specialists without adequately compensating ERC Specialists.

45.     As a direct and proximate result of Nurturing's Conduct, ERC Specialists is entitled to recover monetary damages from Yayas in an amount to be proven at trial, but not less than $203,174.36.

**JURY DEMAND**

46.     ERC Specialists demands a trial by jury on all issues so triable.

WHEREFORE, ERC Specialists respectfully requests that this Court enter judgment in its favor and against Yayas as follows:

a) For a judgment against Yayas in favor of ERC Specialists for compensatory damages in an amount to be proven at trial, but not less than $203,174.36;

b) For pre- and post-judgment interest as provided under applicable law;

c) For an award of ERC Specialists attorney's fees and costs as provided in the agreement; and

d) For such other and further relief as the Court deems just and proper.

DATED this 15th day of November, 2023.

THORNDAL ARMSTRONG, PC

Brian K. Terry, Esq.
Nevada Bar No. 003171
1100 East Bridger Avenue
Las Vegas, NV 89101-5315
Tel.: (702) 366-0622
Fax: (702) 366-0327
E-Mail: bkt@thorndal.com
*Attorneys for Defendants ERC Specialists,*
*The Law Office of Rocky Crofts and*
*Rocky D. Crofts*

### CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2023, a true and correct copy of the forgoing **ANSWER AND COUNTERCLAIM** was electronically filed with the Clerk of the Court using the CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| NAME | TEL., FAX & E-MAILS | PARTY REPRESENTING |
|------|---------------------|--------------------|
| James A. Beckstrom, Esq.<br>Beckstrom & Beckstrom, LLP<br>400 South 4th Street, Suite 650<br>Las Vegas, Nevada 89101 | Tel.:  (702) 300-0599<br><br>E-Mail:<br>jb@beckstromlaw.com | Plaintiff,<br>Yayas<br>Kitchen, LLC |

An employee of THORNDAL ARMSTRONG, PC